IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kingsley Gyapong, *et al.*, | : | |
| Plaintiffs | : | Civil Action 2:13-cv-00773 |
| v. | : | Judge Frost |
| Greatwide Logistics Services, LLC & Greatwide Dedicated Transport I, LLC, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

# ORDER

This matter is before the Court on defendant Greatwide Dedicated Transport I, LLC's ("Greatwide") February 10, 2014 unopposed motion to compel discovery (doc. 10).

Greatwide seeks an order pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling plaintiffs Kingsley Gyapong, Godfred Amponsah, Owusu Ansah, William Dahome, and Fofie Opoku to respond to Greatwide's first set of interrogatories and requests for production of documents, produce their Rule 26(a)(1) disclosures, and submit a settlement demand. Greatwide also seeks its reasonable fees, including its attorney fees, incurred in making the motion.

Pursuant to the November 8, 2013 Scheduling Order, the parties were directed to make their Rule 26(a)(1) disclosures no later than November 7, 2013, and plaintiffs were required to make a settlement demand no later than November 18, 2013.  Despite

1

repeated attempts by Greatwide's counsel to obtain plaintiffs' Rule 26(a)(1) disclosures and a settlement demand, plaintiffs failed to respond. Greatwide served its First Set of Interrogatories and Requests for Production of Documents on December 6, 2013 making plaintiffs' responses due January 6, 2014. Plaintiffs failed to respond to the discovery requests. On January 21, 2014, Greatwide agreed to extend the time for plaintiffs to respond to the discovery requests and provide their initial disclosures and settlement demand until January 24, 2014. Plaintiffs, however, failed to meet this deadline.

Plaintiffs have failed to respond to Greatwide's motion to compel. As a result, Greatwide's February 10, 2014 motion to compel discovery (doc. 10) is GRANTED. Plaintiffs Kingsley Gyapong, Godfred Amponsah, Owusu Ansah, William Dahome, and Fofie Opoku are ORDERED to respond to Greatwide's first set of interrogatories and requests for production of documents, produce their Rule 26(a)(1) disclosures, and submit a settlement demand within seven (7) days of the date of this Order.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure states:

> If the motion [to compel] is granted. . .the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

2

Fed. R. Civ. P. 37(a)(5)(A). By failing to respond to defendant's motion compel, plaintiffs have failed to show that any of the exceptions apply. As a result, Greatwide is entitled to receive its reasonable expenses, including attorney fees, incurred in preparing the motion to compel. Greatwide is ORDERED to submit an itemized statement of such costs and fees and supporting memorandum within fourteen (14) days of this Order. Thereafter, plaintiffs may file a brief in opposition within seven (7) days of the date of service of Greatwide's statement and supporting memorandum.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/ Mark R. Abel
United States Magistrate Judge