IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KINGSLEY GYAPONG, et al.,**

    Plaintiffs,                                    Case No. 2:13-CV-773
                                                        JUDGE GREGORY L. FROST
v.                                                      Magistrate Judge Mark R. Abel

**GREATWIDE LOGISTICS
SERVICES, LLC, et al.,**

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants Greatwide Logistics Services, LLC and Greatwide Dedicated Transport I ("Greatwide") motion to dismiss (ECF No. 18), Plaintiffs' memorandum in opposition (ECF No. 21), Greatwide's reply memorandum (ECF No. 22), and Greatwide's motion for leave to supplement its reply (ECF No. 23). For the reasons that follow, the Court **GRANTS** the motions and dismisses this case with prejudice.

### I.    BACKGROUND

On August 2, 2013, Plaintiffs Kingsley Gyapong, Owusu Ansah, William Dahome, Fofie Opoku, and Godfred Amponsah, initiated the present action against Greatwide. Plaintiffs, Ghanaian nationals whom Greatwide previously employed, allege that Greatwide discriminated against them and breached their employment agreements when it terminated their employment.[1]

The issue before this Court involves Plaintiffs' admitted neglect in prosecuting this action. Relevant facts are set forth below.

---

[1] Plaintiffs also brought claims for unjust enrichment and quantum merit based on Greatwide's alleged failure to transmit payments from an escrow account to Plaintiffs, but have since agreed to dismiss those claims. *See* ECF No. 21, at 2–3.

1

On October 23, 2013 and October 24, 2013, the parties engaged in discovery discussions pursuant to Federal Rule of Civil Procedure 26(f).  Pursuant to Rule 26(a)(1)(C), their Rule 26(a)(1) initial disclosures were due on November 7, 2013.  The Magistrate Judge confirmed that deadline during a preliminary pretrial conference held the same day; however, Plaintiffs failed to provide their initial disclosures to Greatwide.  Plaintiffs did not provide their initial disclosures until approximately six months later (after Greatwide filed its motion to dismiss).

During the November 7, 2013 preliminary pretrial conference, the Magistrate Judge also ordered Plaintiffs to make a settlement demand within seven days of receiving relevant information from Greatwide.  (ECF No. 7, 5.)  Despite receiving all relevant information on November 11, 2013, Plaintiffs failed to provide their settlement demand within the seven-day deadline.  In fact, Plaintiffs did not proffer a settlement demand for nearly six months.

Having not received the required documentation from Plaintiffs, in mid-November, Greatwide's counseled emailed Plaintiffs' counsel twice.  Plaintiffs' counsel did not respond to either email.

On December 6, 2013, Greatwide served Plaintiffs with interrogatories and requests for production.  Pursuant to Rules 33 and 34, Plaintiffs had until January 6, 2014 to respond.  That deadline came and went, however, and Plaintiffs failed to provide any responses or request an extension of the deadline.

On January 10, 2014, Greatwide's counsel sent Plaintiffs' counsel a letter inquiring about the missing disclosures, settlement demand, and discovery responses.  The letter requested that Plaintiffs provide the outstanding materials within five business days, which also came and went with no response from Plaintiffs or their counsel.

On January 21, 2014, Plaintiffs' counsel finally responded to Greatwide's repeated communication attempts. Without explaining his failure to respond to Greatwide's counsel's emails or letter, Plaintiffs' counsel noted, "[i]t is proving difficult for me to get [Plaintiffs] to do anything on a timeframe." (ECF No. 10-1, at 10.) Plaintiffs' counsel indicated that he would provide the outstanding discovery by January 25, 2014; however, he failed to do so.

Having not heard anything by January 28, 2014, on that date, Greatwide's counsel again emailed Plaintiff's counsel to request the outstanding documents. Greatwide's counsel noted that, if the outstanding disclosures, settlement demand and discovery responses were not received by January 31, 2014, then Greatwide would be forced to file a motion to compel. Plaintiffs' counsel did not respond to the email or produce the outstanding information.

Greatwide filed a motion to compel discovery on February 10, 2014. (ECF No. 10.) Plaintiffs did not respond to the motion. The Magistrate Judge granted the same on March 21, 2014 and ordered Plaintiffs to produce the outstanding information on or before March 28, 2014. (ECF No. 16.) Like the other deadlines, the March 28, 2014 deadline came and went with no response from Plaintiffs.

Having heard nothing from Plaintiffs, on April 29, 2014, Greatwide filed the present motion to dismiss. (ECF No. 18.) The Court ordered Plaintiffs to file their memorandum in opposition by May 7, 2014 and warned them that their "fail[ure] to meet all outstanding discovery obligations and file proof of the same by May 7, 2014 . . . will be grounds for dismissal of this action." (ECF No. 19, at 1.) May 7, 2014, however, came and went with no response from Plaintiffs.

Plaintiffs resurfaced on May 8, 2014. On that date, Plaintiffs filed an untimely memorandum in opposition to Greatwide's motion to dismiss, in which they acknowledged their

3

failure to communicate with Greatwide and/or meet the Court's deadlines.  (ECF No. 21.) Plaintiffs provided no explanation for the multiple delays, other than stating that "multiple Plaintiffs were out of the country from mid-to-late December 2013 . . . through mid-to-late April 2014 visiting their families in Ghana."  (*Id*. at 1.)

In their May 8, 2014 filing, Plaintiffs indicated that they had served their outstanding disclosures and settlement demand.  Plaintiffs also indicated that they had served their outstanding discovery responses; however, those responses were not signed as Southern District of Ohio Civil Rule 33 requires.

## II. ANALYSIS

### A. Motion for Leave to File Supplemental Memorandum

Pursuant to Southern District of Ohio Civil Rule 7.2(a)(3), Greatwide requests leave to file a supplemental memorandum in order to convey newly-discovered information to the Court. Specifically, Greatwide learned after it filed its reply memorandum that only two of the five Plaintiffs actually had traveled to Ghana and that the other three plaintiffs were present in the United States the entire time.  (ECF No. 23.)  For good cause shown, the Court **GRANTS** the motion and will consider the supplemental memorandum.

### B. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b). The Sixth Circuit utilizes a four-factor analysis to determine whether dismissal under Rule 41(b) is proper. *See Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001).  Under that test, a court must consider:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct;

>  (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Id.* (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  None of the four factors are "outcome dispositive;" however, dismissal is proper if there exists "a clear record of delay or contumacious conduct."  *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

Here, the Court agrees with Greatwide that the *Mulbah* factors weigh in favor of dismissal.  Regarding the first factor, Plaintiffs' repeated failure to meet deadlines or respond to Greatwide's attempts at communication evinces willfulness and bad faith.  *Cf. Mitchell v. Tri-Health, Inc.*, No. 11-318, 2012 WL 2190809, at *2 (S.D. Ohio June 14, 2012) (stating that the plaintiff's failure to provide initial disclosures, timely respond to discovery, and respond to the defendant's letters "can only be construed as demonstrating bad faith and/or a willful intent to unduly delay resolution of this action").  Plaintiffs respond that two of them were in Ghana and unable to communicate, but do not explain why they were unwilling or unable to inform Greatwide of that fact, why the remaining plaintiffs did not timely fulfill their discovery obligations, and/or why their counsel could not respond to Greatwide's repeated attempts at communication.  Plaintiffs' counsel's apparent inability to get his clients to "do anything on a timeline" does not excuse this behavior.  *Cf. Rogers v. City of Warren*, 302 F. App'x 371, 377 (6th Cir. 2008) (stating that a plaintiff's "apparent inability to keep his counsel informed of his whereabouts and contact information demonstrates a reckless disregard for the effect that his conduct would have on the underlying case").

Regarding the second *Mulbah* factor, the Sixth Circuit has held that a defendant is prejudiced when he or she "waste[d] time, money, and effort in pursuit of cooperation which the

[plaintiff] was legally obligated to provide." *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 368 (6th Cir. 1997).  In addition to not being able to secure the discovery information it requested, Greatwide undoubtedly wasted time, money, and effort attempting to cooperate with Plaintiffs, only to be met with radio silence.  *Cf. Mitchell*, 2012 WL 2190809, at *2.  And although it is true that over two months remained in the original discovery window at the time Plaintiffs provided their responses, they wasted almost five months of that window by failing to participate in the discovery process.  This factor therefore weighs in favor of dismissal.

      The third and fourth *Mulbah* factors are either neutral or weigh slightly in favor of dismissal.  After Plaintiffs ignored the thirty-day discovery deadline set forth in the Federal Rules of Civil Procedure, then ignored the Magistrate Judge's March 21, 2014 Order requiring them to produce the outstanding discovery responses in seven days, the Court warned Plaintiffs that their failure to meet all outstanding discovery obligations and file proof of the same by May 7, 2014 would result in dismissal of this action.  (ECF No. 19.)  Plaintiffs failed to meet that deadline.  Technically, therefore, the third *Mulbah* factor weighs in favor of dismissal.  And even though Plaintiffs responded to the Court's Order one day late and indicated that they met their outstanding discovery obligations, their discovery responses were unsigned in violation of Southern District of Ohio Civil Rule 33.  Thus, Plaintiffs technically failed to satisfy their outstanding discovery obligations on that date.  These two failures, albeit minor, constitute additional delays on top of a pattern of delays and dilatory conduct.

      The Court reaches a similar conclusion regarding the fourth *Mulbah* factor.  The Magistrate Judge already sanctioned Plaintiffs once by ordering them to pay Greatwide's expenses and attorney's fees incurred in filing its motion to compel.  (ECF No. 16.)  Yet Plaintiffs still failed to satisfy their outstanding obligations or otherwise communicate with

Greatwide or the Court.  It was not until Greatwide filed a second motion (the present motion to dismiss) that Plaintiffs showed any desire to participate in this lawsuit.  Thus, it is clear that less drastic sanctions are insufficient to motivate Plaintiffs to comply with the Federal Rules of Civil Procedure or orders from this Court.

Plaintiffs' additional arguments in support of their position are without merit.  That they sensibly dismissed two claims for relief that have no basis in fact does not mitigate five months of unexplained nonresponsiveness.  And the fact that two of the five Plaintiffs decided to travel abroad shortly after initiating this lawsuit does not, itself, render dismissal "too harsh."

### III. CONCLUSION

For the foregoing reasons, the Court—although acknowledging the severity of the sanction it is imposing—concludes that dismissal is appropriate.  The Court therefore **GRANTS** Greatwide's motion to dismiss and **DISMISSES WITH PREJUDICE** this civil action.  (ECF No. 18.)  The Clerk is **DIRECTED** to enter judgment accordingly and remove this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

> /s/ Gregory L. Frost
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**

7